UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FLOYD STANHOPE FRANCIS**<br>A# 042856-757; Reg. # 63842-066 | **CIVIL ACTION NO. 13-cv-3040**<br>**SECTION P** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **ERIC HOLDER, JR.** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on November 8, 2013, by *pro se* petitioner, Floyd Stanhope Francis, pursuant to 28 U.S.C. §2241. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). At the time of filing, petitioner was detained at the Federal Detention Center, Oakdale, Louisiana. He was subsequently transferred to Tensas Parish Detention Center.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Background*

Petitioner alleges that his mandatory detention under the Immigration and Nationality Act (INA) § 236(c) [8 U.S.C.A. § 1226(c)] is unconstitutional. More specifically, he alleges that § 236(c) is unconstitutional under the excessive bail provision of the Eighth Amendment and the Due Process Clause of the Fifth Amendment because it permits his detention without bail and without a determination that he is a danger to society or a flight risk.

Based on information provided by petitioner, it appears that an immigration judge ordered his detention on September 24, 2013.  Doc. 6, p. 2, doc. 1, att. 1, p. 36.  Petitioner states that he appealed the decision to the Board of Immigration Appeals (BIA) on October 4, 2013.  His appeal was apparently denied on October 16, 2013, and he appealed the BIA's decision to the Fifth Circuit on October 28, 2013.  *Francis v. Holder,* No. 13-60773, U.S.C.A. 5th Circuit.  Petitioner's appeal was dismissed for lack of jurisdiction on December 6, 2013.  *Id.*  The Fifth Circuit noted that petitioner was not yet scheduled for removal.  *Id.*

## *Law and Analysis*

The United States Supreme Court has upheld the constitutionality of the mandatory detention provision set forth in § 236(c), noting that detention during deportation proceedings is a constitutionally valid aspect of the removal process.  *Demore v. Kim*, 538 U.S. 510, 123 S. Ct. 1708, 155 L.Ed. 2d 724 (2003).  As stated in *Demore*, "the statutory provision at issue governs detention of deportable criminal aliens *pending their removal proceedings.*  Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 527-28.  Emphasis original.

Under the circumstances presented in this case, the undersigned concludes that the mandatory detention provision of INA § 236(c) [8 U.S.C.A. § 1226(c)] is constitutionally applicable to petitioner's current detention.  Thus, petitioner's claims must fail.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 13th day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE